THE WICHITA & WESTERN RAILROAD COMPANY *et al.* v. W. F. THAYER *et al.*

CONDEMNATION PROCEEDINGS—*Effect on Mortgagee's Interest.* Condemnation proceedings for a right-of-way for a railroad, which are regular and legal, and in which the award made is deposited as the statute requires, vest a complete easement in the railroad company as against

the owner and any mortgagees who may have liens upon the land from which the right-of-way is appropriated. (*C. K. & W. Rld. Co. v. Sheldon*, 53 Kas. 169.)

### *Error from Kingman District Court.*

ACTION by *Thayer* and others to foreclose a mortgage upon certain lands, in which the *Wichita & Western Railroad Company* and another company were made defendants because of their having previously obtained rights-of-way over the lands by condemnation proceedings. On judgment for plaintiffs, the defendant railroad companies bring error.

*A. A. Hurd* and *Robert Dunlap*, for plaintiffs in error.

The opinion of the court was delivered by

JOHNSTON, J.: W. F. Thayer, who was the owner of a mortgage upon land, brought an action to foreclose the same. Two railroad companies that had by condemnation proceedings obtained a right-of-way over the land after the mortgage was executed were made parties. It appeared that the condemnation proceedings were regular and legal. An award was made for a right-of-way in favor of the owner of the land, which was paid to the county treasurer, who in turn paid it to the landowner who had executed the mortgage. No award was made to the mortgagees, nor have they received any portion of the award which was made to the mortgagor. Under these facts and the decisions that have been made, the mortgagee was not an owner of the land nor of an estate therein, and the railroad companies by the condemnation proceedings obtained a complete easement free from the lien of the mortgage. *Goodrich v. Comm'rs of Atchison Co.*, 47 Kas. 355; *Rand v. Railway Co.*, 50 id. 114; *C. K. & W. Rld. Co. v. Sheldon*, 53 id. 169; *Clement v. W. & S. W. Rly. Co.*, 53 id. 682. It follows that the judgment of the district court must be reversed, and the cause remanded, with instructions to enter judgment upon the agreed statement of facts in favor of the plaintiffs in error.

All the Justices concurring.